[S. F. No. 697.   Department Two.—September 10, 1897.]

## CHARLES KRIESS, Administrator, etc., Appellant, v. JULES FARON, et al., Respondents.

SALE AND LEASE BY BREWER—NOTES FOR PURCHASE MONEY—WANT OF CONSIDERATION—VIOLATION OF INTERNAL REVENUE LAWS—JUDGMENT OF FORFEITURE.—In an action upon promissory notes given in consideration of the sale of personal property connected with a brewery, which was leased by the payee to the maker of the notes, an answer setting up that the vendor, prior to the sale and execution of the notes, had violated the internal revenue laws of the United States in the business of brewing and selling beer, and that on that account the personal property sold had become, and was, liable to seizure and sale, and was thereafter seized and subjected to a judgment of forfeiture for such violation, and that said notes were executed and delivered without consideration, sets up a valid defense to the action.

ID.—PROCEEDINGS IN REM—PARTIES—CONCLUSIVENESS OF JUDGMENT AGAINST ABSENT OWNER—DEFAULT—DATE OF DIVESTITURE OF TITLE.—Where proceedings for the forfeiture of property are *in rem*, all the world are deemed to be parties thereto, and are concluded by the judgment of forfeiture; and such judgment is conclusive evidence against the former owner of the property, for whose violation of the revenue laws the forfeiture was adjudged, although he was not served with process, and was absent from the state when the property was seized and the judgment was rendered, and though the judgment against the property was rendered by default and without proof; and such forfeiture must be deemed to have attached at the time of the commission of the offense, and to have divested the title of the owner as of that date, as against his subsequent vendees.

ID.—ACTION UPON NOTES—ISSUE AS TO WANT OF CONSIDERATION—FINDING AS TO FAILURE—CONCLUSION OF LAW.—Where the answer in the action upon the notes given in consideration of the property adjudged to have been forfeited, pleaded all the facts as to the forfeiture, and set up want of consideration for the notes, and the court found all the facts touching the sale, the execution of the notes, the forfeiture, seizure, and sale of the

property, and the proceedings in court after the seizure, its concluding finding, repeated in its conclusions of law, that the consideration for the notes wholly failed prior to their maturity, is but the finding of its conclusion of law from the facts specifically found, and as the judgment for the defendant is right upon the facts found, it will not be reversed on the ground that failure of consideration was not within the issues.

ID.—EVIDENCE—COLLECTION OF OUTSTANDING ACCOUNTS—IRRELEVANT PROOF.— Where there is neither allegation nor evidence in an action upon promissory notes, that outstanding accounts in favor of the plaintiff were sold to the defendants, or formed any part of the consideration of the notes sued upon, there can be no recovery in the action for moneys collected upon said accounts, and evidence in reference to such outstanding accounts, and as to whether defendants had collected any of them, is inadmissible.

ID.—IMMATERIAL EVIDENCE—STATEMENT AS TO OWNERSHIP OF PROPERTY SOLD AND LEASED.—A sale of property is in itself an assertion of ownership; and where the notes in suit were given in part payment for personal property purchased, which was connected with a brewery leased by plaintiff to defendants, a statement made by plaintiff, at the time of the sale and lease, that he was the owner of the property sold, and had a right to lease it, is immaterial, and an objection thereto is properly sustained.

ID.—PART PAYMENT—USE OF MATERIALS BEFORE SEIZURE.—Where part of the property sold consisted of materials for making beer, which were used by defendants before the property was seized for forfeiture incurred by the vendor, and it appears that two hundred dollars were paid in cash on account of the purchase, and the notes in suit were for the residue of the purchase money, and it does not appear what the value of the materials was, and there is no action to recover its value, such use of the materials does not affect the correctness of the findings and judgment as to want of consideration of the notes by reason of forfeiture of the property sold.

APPEAL from an order of the Superior Court of San Mateo County denying a new trial.   John Reynolds, Judge.

The facts are stated in the opinion.

George W. Fox, for Appellant.

Edward F. Fitzpatrick, for Respondents.

HAYNES, C.—This action is upon two promissory notes made by Jules Faron and Margaret Faron on April 30, 1894, to Michael Kriess, each for the sum of $150, the first due June 30th, and the second August 1, 1894. The action was commenced November 28, 1894.

The defendant, Margaret Faron, died after issue and before the cause was tried, and her administrator was substituted. The plaintiff, Michael Kriess, died after judgment, and his administrator was substituted.

The defendants answered separately, each alleging, in substance, the following facts: That on or about March 15, 1894, said Michael Kriess sold to defendant Jules Faron and one John Boos certain personal property consisting of horses, wagons, harness, malt, hops, and all materials of every kind for making and selling beer, and used in the "Pioneer Brewery," of all which Kriess represented himself to be the owner, and leased to them the brewery, fixtures, and stable until July 1, 1894, at a rental of thirty-five dollars per month, and it was further agreed that if the business of the brewery should be carried on to the satisfaction of the parties, and Faron and Boos should request it, Kriess would then execute a lease for five years. That Faron and Boos were to pay for said personal property five hundred dollars, of which sum they paid in cash two hundred dollars, and defendants executed the notes in suit for the remainder; that plaintiff had no legal right to sell said personal property, for the reason that on April 1, 1893, and continuously thereafter until May 19, 1894, he had used said property and conducted the business of brewing and selling beer in violation of the internal revenue laws of the United States, and because thereof said personal property became liable to seizure and sale, and that on May 19, 1894, said property was seized by the collector of internal revenue, and thereafter such proceedings were had in the District Court of the United States that a judgment of forfeiture of said personal property was entered, and the same was sold thereunder by the marshal, and by said seizure they were wholly deprived of said property on and after May 19, 1894, and that said notes were executed and delivered without consideration.

Plaintiff demurred to the answer of each defendant, and his demurrer was overruled.

The cause was tried by the court, written findings were filed, judgment thereon entered for defendants, and plaintiff appeals therefrom and from an order denying his motion for a new trial.

In view of the conclusions reached upon the merits of the appeal, it is not necessary to consider the objections made by respondent to our consideration of the questions presented by the appeal from the order denying a new trial, nor is it necessary to enter into a special discussion of the question presented by the

demurrer, as the general discussion of the specifications of the
insufficiency of the evidence and of exceptions to rulings will
sufficiently cover that.

The principal question is presented by appellant's objection to
the introduction of the judgment-roll in the case of *The United
States v. One Cooler*, etc., in the United States District Court,
in which the forfeiture of said personal property was adjudged
and under which it was sold by the marshal, and the effect of
said judgment-roll as evidence.

The lease and agreement provided, among other things, that
until July 1, 1894, the business of making and selling beer
should be conducted "under and in the name of M. Kriess."

The information filed in the District Court, in separate counts,
charged: 1. That Kriess had on April 1, 1893, and continuously
thereafter until May 19, 1894, made beer for the purpose of be-
ing sold without the payment of the tax due thereon; 2. That
between said dates he removed from said brewery one hundred
and one barrels of beer without affixing thereto the stamps de-
noting said tax; 3. That he manufactured three thousand one
hundred and forty gallons of beer without giving the bond re-·
quired by law, and in the fourth count charged, generally, that
between said dates he defrauded the United States of the tax
due on said three thousand one hundred and forty gallons of
beer, and, that he used said barrels, packages, wagons, mares, and
set of harness in the removal and concealment of said beer. Said
proceedings were in rem.

No answer or claim having been made, the default of all par-
ties not in court was entered, and a decree of forfeiture, was made
under which the property was sold.

It is objected that said judgment-roll was not admissible in
evidence because it was a proceeding in rem; that Kriess was not
a party to it; that he was absent from the state and not within
the jurisdiction of the court; that no service was made upon him;
that the judgment was by default and without any proof, and
that there was no finding of fraud by any person.

The objection was properly overruled. Chief Justice Mar-
shall, in *Mankin v. Chandler*, 2 Brock. 127, said: "I have always
understood that where process is served upon the thing itself,
and where the mere possession of the thing itself, by the service

of process and making proclamation, authorizes the court to decide upon it without notice to any individual whatever, it is a proceeding in rem, to which all the world are parties. The rule is one of convenience and of necessity. . . . The claimant is a party, whether he speaks or is silent; whether he asserts his claim or abandons it. Thus in the case of *Scott v. Shearman et al.*, 2 W. Blackst. Rep. 977, which was an action of trespass against the officer who had seized goods which were condemned in the court of exchequer, Judge Blackstone says, 'the sentence of condemnation is conclusive evidence in a case in which no notice was given to the owner in person, who was not a party to the suit, because the seizure itself is notice to the owner who is presumed to know whatever becomes of his own goods.' " See, also, Freeman on Judgments, sec. 606.

The fact that no claim was filed by Kriess in that proceeding, and that judgment was entered by default, does not affect its conclusiveness. The fact that a cause of forfeiture for a violation of the internal revenue laws occurred prior to the sale of said property by Kriess is also conclusively established by said record, and such forfeiture must be deemed to have attached at the moment of the commission of the offense, and, consequently, from that moment the title of the plaintiff was completely divested. (*Gelston v. Hoyt*, 3 Wheaton, 311, and cases there cited.) In the case of *Henderson's Distilled Spirits*, 14 Wall., 57, it is said: "Many such adjudged cases are to be found in the reported decisions of this court, and it must be admitted that they establish the rule beyond all doubt that the forfeiture becomes absolute at the commission of the prohibited acts, and that the title from that moment vests in the United States in all cases where the statute in terms denounces the forfeiture of the property as a penalty for the violation of law without giving any alternative remedy, or prescribing any substitute for the forfeiture, or allowing any exceptions to its enforcement, or employing in the enactment any language showing a different intent; and that in all such cases it is not in the power of the offender or former owner to defeat the forfeiture by any subsequent transfer of the property, even to a bona fide purchaser for value, without notice of the wrongful acts done and committed by the former owner." ·

The forfeiture by the plaintiff was under a statute of the United States, and the decree of forfeiture was declared by a court of competent jurisdiction, and in *Gelston v. Hoyt, supra,* it was said: "If a sentence of condemnation be pronounced it is conclusive that a forfeiture was incurred; if a sentence of acquittal, it is equally conclusive against the forfeiture; and in either case the question cannot be litigated in another forum."

It follows that at the time of the sale to Faron and Boos the plaintiff had no title to the property; that the facts showing that he had no title were sufficiently pleaded; that the record of the United States District Court showing the condemnation and sale of the property was properly admitted in evidence, and is conclusive of the facts alleged in the answer.

The concluding finding of the court was that the consideration for the notes wholly failed prior to their maturity; and it is contended that this finding is not within the issues. But the court found all the facts touching the sale, the execution of the notes, the forfeiture, seizure and sale of the property, and the proceedings in court after the seizure, and said finding is but a conclusion of law from those facts, and is repeated by the court as such. As the judgment is right upon the facts found it should be affirmed.

The objections of defendants to questions put to the plaintiff touching outstanding accounts on his books at the time of the sale, and whether defendants had collected any of them, were properly sustained. There was neither allegation nor evidence that the accounts were sold to defendants or formed any part of the consideration of the notes, and if they were not sold to defendants the plaintiff could not recover for moneys collected thereon in an action upon the notes.

It was immaterial whether the plaintiff made any statement to the defendants to the effect that he was the owner of the property and had the right to lease it, and defendants' objection to the question put to plaintiff as to whether he made such statement was properly sustained. The sale was in itself an assertion of ownership.

Some hops, and perhaps other material for making beer, were included in the sale, and were used by defendants before the property was seized; but that fact does not affect the correctness

of the findings or judgment. Two hundred dollars were paid in cash upon the amount of the purchase, and it does not appear what the value of the material used was, nor was the action brought to recover therefor.

The identity of the property seized and sold by the marshal with that sold by plaintiff to defendants was admitted by the plaintiff in response to a question put by the court.

The findings clearly sustain the judgment, and it, and the order denying a new trial, should be affirmed.

Belcher, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Temple, J., Henshaw, J.