PEOPLE ex rel. ROBERT SIMPSON CO. v. KEMPNER et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1913.)

1. CONSTITUTIONAL LAW (§ 305*)—"DUE PROCESS OF LAW"—NOTICE.

A hearing or an opportunity to be heard in which one may defend, enforce, and protect his rights is absolutely essential to constitute "due process of law," and the particular law under consideration must itself require notice and give a right to a hearing; it being insufficient that a person affected may by chance have notice, or that he may as a matter of favor or courtesy have a hearing.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 925–927; Dec. Dig. § 305.*

For other definitions, see Words and Phrases, vol. 3, pp. 2227–2256; vol. 8, p. 7644.]

2. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW—PLEDGES.

Code Cr. Proc. §§ 687, 806–809, authorizing proceedings to determine the right of possession of stolen or embezzled property coming into the custody of a magistrate, are invalid as against a pledgee of such property for failure to require giving of notice to him as to the time and place at which his claim of a right as pledgee to retain possession should be heard and determined.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929, 930; Dec. Dig. § 309.*]

3. CONSTITUTIONAL LAW (§ 277*)—DUE PROCESS OF LAW—"PROPERTY RIGHT" —PLEDGES.

The right of an apparent pledgee to retain articles pledged as security for his loan is a "property right," which is protected by the constitutional requirement of due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 762, 766, 949; Dec. Dig. § 277.*

For other definitions, see Words and Phrases, vol. 6, p. 5729; vol. 8, p. 7770.]

---

*For other cases see same topic &·§ NUMBER in Dec. & Am. Digs. 1907 to date,· & Rep'r Indexes

4. CONSTITUTIONAL LAW (§ 45*)—LONG ACQUIESCENCE IN STATUTE—EFFECT.
　　An unconstitutional statute cannot be sustained, though it has remained unchallenged for many years.
　　[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42; Dec. Dig. § 45.*]

5. COSTS (§ 240*)—PERSONS LIABLE—PUBLIC OFFICERS.
　　A magistrate, being a public officer, is not liable for costs on appeal on reversal of an order denying an application for prohibition against him.
　　[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 922-926; Dec. Dig. § 240.*]

Appeal from Special Term, Kings County.

Application by the People of the State of New York, on the relation of the Robert Simpson Company, for a writ of prohibition against Otto Kempner, individually, and as chief magistrate, etc., and the Magistrates' Court of the City of New York. From an order denying the application, relator appeals. Reversed, and application granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Franklin Taylor, of New York City, for appellant.

John M. Perry, Asst. Dist. Atty., of New York City (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondents.

CARR, J. The relator appeals from an order of the Special Term in Kings county that denied, as a matter of law and not of discretion, its application for a writ of prohibition against a city magistrate of the borough of Brooklyn and city of New York. From this order the relator has appealed to this court.

The facts necessary for a determination of this appeal are undisputed, and a question of law alone arises. The relator is a domestic corporation carrying on a pawnbroking business in the city of New York. It appeared that it had advanced the sum of $15 on a pledge to it of certain articles of jewelry, consisting of two rings, and that it held this property as pledgee for security for the loan. A Mrs. Small, who resided in the borough of Brooklyn, applied to a city magistrate for a search warrant under the provisions of the Code of Criminal Procedure. In her affidavit, she stated that the articles in question had been stolen from her by one Effie Brownson, and that to her knowledge they were in the possession of the defendant. A search warrant was thereupon issued, and a police officer acting under the same took possession of the articles in question, and delivered them to the court from which the warrant had issued.

Section 687 of the Code of Criminal Procedure provides as follows:

"If property stolen or embezzled come into the custody of a magistrate, it must, unless its temporary retention be deemed necessary in furtherance of justice, be delivered to the owner, on satisfactory proof of his title, and on his paying the necessary expenses incurred in its preservation, to be certified by the magistrate."

Sections 806, 807, 808, and 809, provide as follows:

"Sec. 806. The magistrate must thereupon, if required, deliver a copy of the inventory to the person from whose possession the property was taken, and to the applicant for the warrant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Sec. 807. If the grounds on which the warrant was issued be controverted, the magistrate must proceed to take testimony in relation thereto.

"Sec. 808. The testimony given by each witness must be reduced to writing and authenticated in the manner prescribed in section 200.

"Sec. 809. If it appear that the property taken is not the same as that prescribed in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken."

The magistrate in question was about to proceed under the provisions of these sections to determine the apparent ownership of the articles in question and to dispose of them accordingly. The ground on which the relator asked for a writ of prohibition was that these provisions of the Code of Criminal Procedure do not provide notice to it of the hearing and determination to be made by the magistrates' court. The learned court at Special Term denied the application for the writ on the ground that the statute above quoted did provide for a notice to the relator sufficient to comply with the constitutional requirement of "due process of law." On this appeal the respondent seeks to justify the order made below on the grounds that the proceedings about to be conducted by the magistrate could not deprive the relator of any property right, and that in actual fact the relator had due notice of whatever action was about to be taken by the magistrate.

[1] The rules of law applicable to this situation are familiar, and have been stated very aptly by Rich, J., writing for this court, in Matter of Grout, 105 App. Div. 98, 109, 93 N. Y. Supp. 711, 719, in language as follows:

"The federal courts and nearly all state courts have for many years united in so declaring, and the Court of Appeals, as early as 1878, in Stuart v. Palmer, 74 N. Y. 183 [30 Am. Rep. 289], declared that a hearing or an opportunity to be heard, in which the citizen may defend, enforce, and protect his rights, is absolutely essential to constitute due process of law, which principle has since been followed by all our courts, and is now so firmly established as the law of this state as to be beyond controversy. So carefully have the courts guarded this constitutional and sacred right of the citizen, that statutes omitting this required essential have uniformly been condemned, even where it appeared, as it does in this case, that the party proceeded against was permitted, through the courtesy of the court, to have and did have notice of the proceeding and opportunity to be heard. It is not enough that a person may by chance have notice, or that he may as a matter of favor or courtesy have a hearing. The law itself to be constitutional must require notice and give a right to a hearing. It matters not upon the question of the constitutionality of such law that the questions involved have been fairly decided. The essential validity of the law is to be tested, not by what has been done under it, but by what may by its authority be done. Stuart v. Palmer, supra; Gilman v. Tucker, 128 N. Y. 190, 200 [28 N. E. 1040, 13 L. R. A. 304, 26 Am. St. Rep. 464]; Coxe v. State, 144 N. Y. 396, 408 [39 N. E. 400]; Colon v. Lisk, 153 N. Y. 188, 194 [47 N. E. 302, 60 Am. St. Rep. 609]."

[2] Now it is obvious that the statute before us contains no provision which requires notice to be given to the relator as to the time or place at which its claim of right as a pledgee to retain possession of the articles in question shall be heard and determined. Doubtless no magistrate would proceed to make a determination under the provisions of the statute without actually giving some notice to the relator and an opportunity to be heard in due course. But this is not enough, for notice is an essential ingredient of due process of law as a matter

of right, and not as a matter of favor or good judgment. The learned court at Special Term was of opinion that as the proceedings were in rem the relator had sufficient notice when the property was taken from its possession, and that it was not requisite that it should have any particular notice of the time and place of the actual hearing before the magistrate. It considered the proceeding as analogous to the issuance of a summons in an ordinary civil action. It overlooked the fact, however, that the issuance of a summons in an ordinary civil action is provided for under a statute which gives an absolute right of appearance and answer to the defendant, and that, after such appearance and answer, no proceeding can be had by way of determination by any court without a formal notice to the defendant as prescribed in said statute. Without seeking to justify the decision of the court at Special Term upon the reasons there advanced, the respondent contends that the mere deprivation of the right of the relator to hold the property as security for the pledge, and its subsequent delivery to some one claiming ownership of it as against the pledgee does not constitute a taking of property in the meaning of the state and federal Constitutions. It is argued that the lien of the relator, if it has any legal basis, will still continue notwithstanding any adverse action on the part of the magistrate, and that any determination by him cannot constitute a bar which will preclude the relator from maintaining either a possessory action in replevin or an action for conversion against the person to whom the magistrate may deliver these articles.

[3] We cannot concur in the proposition that the right of an apparent pledgee to retain the articles pledged as security for his loan is not a property right which is protected by the constitutional requirements of "due process of law." Nor do we think that a process which takes from the relator the custody of the articles pledged and delivers them to some one claiming against the validity of the pledge, thus leaving the apparent pledgee to exercise his remedies at law against the person to whom the articles are delivered, does not constitute a taking of property.

[4] A practically similar provision of the Penal Code of California with relation to the same situation as now confronts us on this appeal was considered in the case of Modern Loan Co. v. Police Court, 12 Cal. App. 582, 108 Pac. 56, in an elaborate and exhaustive discussion of the question, in the light of decisions of the courts in various jurisdictions, and a result was reached similar to that which we think is obligatory in this case. It is true that the statute now stands in a form which has existed for many years apparently without question, so far as reported judicial decisions may be found, but, however long standing it may be, it cannot prevail over the organic law whenever it has been called in question. The defect in the statute is remediable easily, and, no doubt, can be amended speedily if the matter be called to the attention of the Legislature.

[5] We are of opinion, therefore, that the order should be reversed and the motion granted, but, as the respondent is a public officer, without costs of this appeal. All concur.