(94 Misc. Rep. 502)

PEOPLE v. DEAN.

(Court of General Sessions, New York County. March, 1916.)

1. CONSTITUTIONAL LAW ⊂⇒202—EX POST FACTO LAWS—PUNISHMENT—SUCCESSIVE OFFENSES.

Under Laws 1915, c. 579, § 4, providing that in case of conviction of soliciting on the streets or public places for the purpose of prostitution, where the accused has been convicted two or more times during the 24 months just previous, or three or more times previous to that conviction, the court shall commit the offender to a workhouse for an indeterminate period, not exceeding 2 years, the defendant may be convicted as a second offender, though the first offenses were committed prior to the passage of the act.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 581; Dec. Dig. ⊂⇒202.]

2. CONSTITUTIONAL LAW ⊂⇒257—DUE PROCESS OF LAW—REQUISITES.

To constitute due process of law, notice of the offense charged and an opportunity to contest the charge must be given before conviction, not only in the case of crimes prosecuted by indictment, but in case of offenses of all grades.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 746, 747, 749; Dec. Dig. ⊂⇒257.]

3. CONSTITUTIONAL LAW ⊂⇒257—CRIMINAL LAW ⊂⇒1201—DUE PROCESS OF LAW—PUNISHMENT OF CRIME.

Laws 1915, c. 579, § 4, providing, in case of conviction of soliciting on the streets or public places for purpose of prostitution, where defendant has been convicted two or more times during the 24 months just previous, or three or more times previous to that conviction, that the court shall commit the offender for an indeterminate period not exceeding 2 years, is constitutional, notwithstanding the absence of an express provision for notice to the defendant of trial as a second offender.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 746, 747, 749; Dec. Dig. ⊂⇒257; Criminal Law, Cent. Dig. § 3254; Dec. Dig. ⊂⇒1201.]

4. CRIMINAL LAW ⊂⇒1183—APPEAL—DISPOSITION OF CAUSE—JUDGMENT.

Where defendant is convicted, without due process of law, as a second offender, the sentence must be modified on appeal in accordance with Code Cr. Proc. § 764, providing that after hearing the appeal the court must give judgment without regard to technical errors or defects, and may render the judgment which the court below should have rendered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3195–3198; Dec. Dig. ⊂⇒1183.]

5. CRIMINAL LAW ⊂⇒1202(4)—PUNISHMENT—SUCCESSIVE OFFENSES.

Under Laws 1915, c. 579, § 4, providing that the commitment of any person to a workhouse shall be for a definite period, provided, that if it shall become known, at any stage of the proceeding prior to sentence, that any person convicted of soliciting on the streets has been convicted two or more times during the 24 months just previous, or three or more times previous to that conviction, the offender shall be committed for an indeterminate period not exceeding 2 years, the trial of the issue of a prior conviction may be had in a separate proceeding following the conviction of the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3262; Dec. Dig. ⊂⇒1202(4).]

6. CRIMINAL LAW ⊂⇒1202(6)—PUNISHMENT—SUCCESSIVE OFFENSES.

Where no notice was given to a defendant convicted of soliciting on the streets of trial of the issue of prior convictions, the imposition of the sentence prescribed in case of prior convictions is not authorized,

though the counsel for the defendant admitted the prior convictions in open court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3264; Dec. Dig. ☞1202(6).]

Mabel Dean was convicted of disorderly conduct in soliciting on the streets for the purpose of prostitution, and sentenced to the workhouse for an indeterminate sentence not to exceed two years, and appeals. Modified and affirmed.

Brande & Weber, of New York City, for appellant.

James E. Smith and Edward Swann, Dist. Atty., both of New York City, for the People.

NOTT, J.  This defendant was sentenced under the provisions of section 4 of chapter 579 of the Laws of 1915, commonly known as the Parole Board Act. The act went into effect on the 1st day of January, 1916, and among other things provides that:

"The duration of the commitment of any person to a workhouse shall be for a definite period not to exceed six months, provided, however, that if it shall become known to the court through competent evidence at any stage of the proceeding prior to the imposition of sentence that any person convicted of * * * public prostitution, soliciting on streets or public places for the purpose of prostitution, * * * has been convicted of any or each of these offenses two or more times during the twenty-four months just previous, or three or more times previous to that conviction, then the court shall commit such offender to a workhouse, of the said department of correction in said city for an indeterminate period, which shall not exceed two years."

After the magistrate had determined the guilt of the appellant, but before sentence was imposed, it appeared that she had been convicted six times previously of the same or similar offenses and such convictions were admitted by her through her counsel.

The defendant attacks the constitutionality of the act upon the ground that it violates the provisions of article 1, § 6, of the Constitution of the state of New York, in that it deprives a defendant of liberty without due process of law.

[1] It was argued upon the trial of the case that as the prior convictions were elements of the crime it was error to consider any convictions which occurred prior to the 1st of January, 1916, when the act went into effect. It may be sufficient to point out that the analogous statute providing punishment for a second offender (Penal Law [Consol. Laws, c. 40] § 1941) makes its provisions applicable to a case where the first offense has been committed "under the laws of any other state, government or country." If an act without the jurisdiction of the court by reason of place may constitute the necessary element of the crime, it is not easy to see why a similar act committed before the jurisdiction was acquired does not likewise satisfy the statute. Also it has been held in People v. Price, 53 Hun, 185, 6 N. Y. Supp. 833, and People v. Carlesi, 208 N. Y. 547, 101 N. E. 1114, that a conviction as a second offender will be affirmed where the defendant has received a full pardon for the first offense. I am therefore of the opinion that defendant under the statute in question may be convicted as a second offender, even though the first offenses were committed prior to the passage of the act.

The constitutionality of the act is attacked on the ground that the defendant may be tried without notice that she is on trial as a second offender, and without an opportunity to contest her prior convictions, and that she is, therefore, deprived of due process of law.

[2] There is no doubt that notice of the offense charged and an opportunity to contest the charge must be given before a person has been convicted by due process of law. "Notice is an essential ingredient of due process of law, as a matter of right and not as a matter of favor or good judgment." People ex rel. Simpson Co. v. Kempner, 154 App. Div. 674, 139 N. Y. Supp. 440; Coe v. Armour Fertilizer Works, 237 U. S. 413, 35 Sup. Ct. 625, 59 L. Ed. 1027. "A hearing or an opportunity to be heard, in which the citizen may defend, enforce, and protect his rights, is absolutely essential to constitute due process of law." Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289. See, also, People ex rel. Barone v. Fox, 144 App. Div. 621, 129 N. Y. Supp. 646, reversed 202 N. Y. 616, 96 N. E. 1126, where the Court of Appeals adopted the dissenting opinion of Clarke, J., in the Appellate Division; also People ex rel. Loughran v. Flynn, 110 App. Div. 279, 96 N. Y. Supp. 655; Matter of Grout, 105 App. Div. 98, 93 N. Y. Supp. 711; Goldie v. Goldie, 77 App. Div. 14, 79 N. Y. Supp. 268. Examination of these and similar cases shows that these safeguards provided by the Constitution must be observed, not only in the case of crimes prosecuted by indictment, but in cases of offenses of all grades.

[3] Is this statute passed in violation of the law as laid down in the cases above referred to? Many of those cases, of which People ex rel. Barone v. Fox, supra, is an example, arose on the construction of statutes where guilt or increased punishment was made to depend upon an examination held by people other than the court, and not during the trial and not subject to cross-examination by the defendant. I am of the opinion that this statute does not fall within that class but is analogous to section 1941 of the Penal Law, providing an increased punishment for second offenders. That section, by its terms, does not provide for any notice to be given that the defendant is on trial as a second offender, nor does it provide by its terms for an opportunity to litigate that element of the offense. It merely provides that a person who has been heretofore convicted, and thereafter commits a felony, is punishable upon conviction of such second offense in a certain manner. The appellate courts of the state, however, have upheld the constitutionality of the act and have only reversed convictions had under it where the defendant did not receive notice by the indictment that he was charged as a second offender and did not have an opportunity to contest the fact of his prior conviction. See People v. Sickles, 156 N. Y. 541, 51 N. E. 288. See, also, People v. Rosen, 208 N. Y. 169, 101 N. E. 855; and People ex rel. Bretton v. Schleth, 68 Misc. Rep. 307, 123 N. Y. Supp. 686. In these two cases, while judgments of conviction were reversed because the defendants had been convicted without due process of law, nevertheless the constitutionality of the statute was upheld. As the statute now under con-

sideration, in my opinion, is analogous to section 1941 of the Penal Law, its constitutionality must be upheld and this judgment affirmed.

[4] If the defendant in this case was convicted without due process of law as a second offender, the sentence must be modified in accordance with the provisions of section 764 of the Code of Criminal Procedure, which provides that:

"After hearing the appeal the court must give judgment without regard to technical errors or defects * * * and may render the judgment which the court below should have rendered * * * or may modify the sentence."

[5] The minutes of the trial show that the only evidence against the defendant up to the time that the magistrate pronounced her guilty was the testimony of the police officer, and no evidence of prior convictions up to that time was given, and no notice was given to her that she was being tried as a second offender. At the close of the trial the magistrate found her guilty and directed that her finger prints be taken. Upon the return of the defendant from the finger print bureau the magistrate made a statement of her prior convictions, he evidently having been furnished with a record indicating those facts. The defendant's attorney, however, admitted on the record that the defendant had been convicted according to the record. The Court of Appeals in the case of People v. Rosen, supra, said:

"It may also be assumed that the Legislature might provide for an independent trial of the question whether a convicted person had been convicted of a prior offense, and make an affirmative determination reached in such proceedings the basis for the additional punishment on the last conviction, although such prior offense had not been charged in the indictment for the later crime."

In my opinion the Legislature intended to provide in this act that the trial of the issue of a prior conviction may be had in a separate proceeding, following the conviction of the defendant. This is clearly indicated by the use of the words: ·

"Provided, however, that if it shall become known to the court through competent evidence *at any stage of the proceeding prior to the imposition of sentence*, that any person," etc.

If, therefore, the defendant after being pronounced guilty by the magistrate were found to be a second offender in a proceeding wherein she had notice of the object of the proceeding, a chance to litigate the charge, and wherein any competent evidence was adduced against her, she was properly sentenced.

[6] In this particular case the prior convictions were not proved by competent evidence, but a concession or admission upon the record supplies the place of evidence and her prior convictions were conceded by her counsel upon the record. Therefore, it remains only to determine whether she received notice of the charge against her, which, as before stated, is a necessary ingredient of due process of law. People ex rel. Simpson Co. v. Kempner, supra. As this case was one in which the magistrate could have proceeded without a written information (see People ex rel. Smith v. Van De Carr, 86 App. Div. 9, 83 N. Y. Supp. 245), probably the giving of written notice was not essential.

I am unable, however, to find that upon the proceedings had after the defendant was pronounced guilty and before sentence, she received any notice whatever that those proceedings were being had under the provisions of the statute to determine whether or not she should receive an increased punishment as a second offender. She was removed to have her finger prints taken without such notice. If she had received such notice it might well be that she would have refused to allow the taking of the finger prints, on the ground that by their taking she would be compelled to furnish evidence against herself upon the trial of the issue of her prior convictions. As it was she may have supposed that her finger prints were being taken merely for the purposes provided by law before the enactment of the Parole Board Act. When she was brought back after the finger prints had been taken, she received no such notice. If she had she might not have made the concession of her convictions upon the record, but might have insisted upon those convictions being proved by competent evidence. In my opinion, therefore, she was not accorded due process of law upon the proceedings to determine whether or not she was a second offender.

The judgment, therefore, must be modified by the imposition of a definite sentence. As it appears by the defendant's prior record that she has been frequently convicted and has been accorded the benefits of reformatory treatment, without avail, the defendant is sentenced to a definite sentence of six months in the workhouse, sentence to take effect from the date of her conviction, namely, February 14, 1916. The judgment, as so modified, is affirmed.

Judgment modified and affirmed.