# National Automobile Corporation, Appellant, v. Barfod.

*Constitutional law—Due process of law—Bill of rights—Seizing corporation property—Police power—Notice of hearing—Automobile Company Operators Association Act of May 10, 1921, section 10, P. L. 442—Insurance commissioner.*

1. No man shall be adjudged in person or property without notice and an opportunity to appear and be heard.

2. To condemn without a hearing is repugnant to the due process clause of the Constitution.

3. There are certain classes of decisions not appropriate for judicial bodies to make though vitally affecting private right. They are the decisions of administrative bodies.

4. Therefore, due process is not necessarily judicial process.

5. Due process applies to administrative as well as to judicial proceedings.

6. Notice and hearing in administrative proceedings are generally necessary, but they are not always essential to due process.

7. The decision of administrative bodies, when the police power in certain phases of administrative acts is under consideration,

may be of a quasi judicial nature, as when law is applied to the facts. In all such cases, notice and hearing are imperative.

8. In other cases, the decisions may be in furtherance of, or in the nature of, legislative action. Notice and hearing are not always necessary in these cases.

9. Notice is not necessary in purely ministerial acts of examination, inspection and the like; nor where the State exercises its sovereign function, such as the control of public officers, or withdrawal of government prerogatives.

10. Courts must always be free to determine on their independent judgment whether the specific act infringes the constitutional limitation.

11. Where substantial property rights are impaired, it must be predicated on notice and hearing.

12. Section 10 of the Automobile Company Operators Association Act of May 10, 1921, P. L. 442, which gives to the insurance commissioner drastic power, without notice or hearing, to seize the property of a corporation and wind up its business, violates the due process provision of the Constitution of the United States, and the Pennsylvania Bill of Rights.

13. The Act of May 10, 1921, P. L. 442, is not an insurance act, but it applies simply to a corporation furnishing service within the terms of the act.

Argued January 24, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 19, May T., 1927, by plaintiff, from decree of C. P. Dauphin Co., Sept. T., 1926, No. 841, dismissing bill in equity, in case of the National Automobile Service Corporation of Pennsylvania v. Einar Barfod, Insurance Commissioner. Reversed.

Bill for injunction. Before HARGEST, P. J., FOX and WICKERSHAM, JJ.

The opinion of the Supreme Court states the facts.

Preliminary injunction dissolved. Plaintiff appealed.

*Error assigned,* inter alia, was, decree, quoting record.

*Arthur S. Arnold,* with him *Harry Goldbacher* and *Beidelman & Hull,* for appellant.—The Act of 1921 is unconstitutional: Com. v. Bicycle Assn., 178 Pa. 636;

Erdman v. Mitchell, 207 Pa. 79; Adinolfi v. Hazlett, 242 Pa. 25; Com. v. Beatty, 15 Pa. Superior Ct. 5; Fetter v. Wilt, 46 Pa. 457; Craig v. Kline, 65 Pa. 399.

*Wm. Y. C. Anderson,* Deputy Attorney General, with him *T. Ewing Montgomery,* and *George W. Woodruff,* Attorney General, for appellee, cited: Bagley v. Cameron, 282 Pa. 84; Com. v. Moore, 5 Pa. D. & C. 738.

OPINION BY MR. JUSTICE KEPHART, March 21, 1927:

The Automobile Company Operators Association Act of May 10, 1921, P. L. 442, was intended to give the insurance commissioner power to regulate, supervise and control companies issuing contracts guaranteeing certain services to automobile owners, such as towing, legal aid, storage, repairs, gas, etc. It is not an insurance act, and this is admitted on all sides. Appellant is a corporation furnishing services within the terms of the act. Under section 10, in November, 1926, appellant was notified by Einar Barfod, insurance commissioner, that as the liabilities exceeded its assets by $118,324.66, it must repair the same in ten days, or cease to do business. Counsel for the company requested an explanation from Barfod of the examination and report on which his action was based. No reply having been received from Barfod, and as the end of the ten days was approaching, this bill was instituted to restrain the commissioner from further action.

The court below found the assets to be $67,589.57 and the liabilities, $67,868.23, or a difference of approximately $250. In the liabilities are bills payable, $2,100, the balance consisting of refunds, commissions, capital stock, and gasoline book values outstanding. The court made no definite finding of insolvency, but refused to continue the preliminary injunction because no reserve had been set up by the company, semi-annual reports had not been filed, and the tax of two per centum had not been paid to the Commonwealth. It held the act

constitutional, dissolved the injunction, and dismissed the bill. This appeal followed.

The controversy here hinges upon the constitutionality of the act. The following reasons for invalidating the act may be stated: (a) The business of appellant not being insurance, the commissioner has no jurisdiction over the company. (b) The act is not in aid of, or in relation to, any recognized object for which the police power may be exercised, having no relation to the public health, morals, safety or general welfare. (c) It makes an arbitrary and unlawful classification. (d) The act delegates legislative power to the commissioner to prescribe rules, the violation of which would be an offense. (e) The act offends against the due process clause of the federal Constitution, and our Bill of Rights.

Interesting as all these questions may be, we will decide the last one only. Appellant contends that section 10, from which the commissioner derives his authority, is unconstitutional and void, in that no provision is made for notice and hearing of the acts that deprive appellant of its property, this being a violation of the due process clause. Section 10 reads as follows:

"Section 10. Whenever, as result of examination by the insurance commissioner, it is disclosed that the liabilities, including the unearned premium or dues liability aforesaid, exceed the assets in hand, he shall notify the company or association to repair the deficiency in ten days or cease business entirely, and, in event that liquidation is necessary, the insurance commissioner shall at once take charge of the affairs of the company or association, and wind up its affairs. Expenses of liquidation shall be paid out of funds of the company or association."

We have as a fixed principle in our law that no man shall be adjudged in person or property without notice and an opportunity to appear and be heard: Shambe v. D. & H. R. R., 288 Pa. 240. To condemn without a hear-

ing is repugnant to the due process clause: 12 C. J. 1234, section 1009; Riverside, etc., Cotton Mills v. Menefee, 237 U. S. 189. In applying this general rule it must be remembered that there are certain classes of decisions that are not appropriate for a judicial body to make though they vitally affect private rights; this is because of the nonjudicial character of the investigation or proceeding. Therefore, due process is not necessarily judicial process: Reetz v. Michigan, 188 U. S. 505, 507; U. S. v. Ju Toy, 198 U. S. 253; Klafter v. State Board of Examiners of Architects, 259 Ill. 15. The requirement of due process of law, however, applies to administrative as well as to judicial proceedings. The doctrine of notice and hearing thus becomes a more potent force in our land, because it applies to the decisions and acts of administrative officials, and, unless there are extraordinary emergencies, this essential requisite of due process cannot be dispensed with.

While notice and hearing in administrative procedure are generally necessary, they are not always essential to due process. Exceptions are noted in the levy and assessment of taxes, and the summary destruction of offensive property: Buttfield v. Stranahan, 192 U. S. 470. But in these cases, there must be a hearing somewhere, at some stage of the proceeding, even if it be after the property itself is parted with. The decision of administrative bodies, when the police power in certain phases of administrative acts is under consideration, may be of a quasi judicial nature, as when law is applied to the facts. In all such cases, notice and hearing are imperative. In other cases, the decisions may be in furtherance of, or in the nature of, legislative action. Here, notice and hearing are not always necessary,—depending on the character of the acts. Thus in purely ministerial acts of examination, inspection, and the like, notice is not necessary; this is also true in cases wherein the State is exercising its sovereign functions, such as the control of public officers, withdrawal of governmental

prerogatives, and the granting of licenses.  In such limited instances, notice and hearing are not necessary, but, with these exceptions, the general rule prevails.  The courts must always be free to determine on their independent judgment whether the specific act infringes the constitutional limitation; and where substantial property rights are impaired, it must be predicated on notice and opportunity to be heard: Rutherford's Petition, 72 Pa. 82; North Laramie Land Co. v. Hoffman, 268 U. S. 276.. The decision in Title Guaranty & Surety Co. v. Allen, 240 U. S. 136, does not conflict with this view. What was decided there was, that it is not necessary, where a bank is insolvent, to appear before a judicial officer before an administrative officer can act.  It was not decided that the doors of a bank can be closed, business suspended, and property destroyed without giving the parties interested an opportunity to appear and be heard on the question involved, either before the administrative officer or the court.  The act now before us gives such power, and also authorizes the officer to take the assets and distribute them without accounting to the court or to any other authority.  If the decision in Title Guaranty & Surety Co. v. Allen, supra, had gone to this extreme, we would not follow it.  The act now before us violates our own Bill of Rights, and is for that reason, if for no other, unconstitutional.

Section 10 reposes an autocratic power in the insurance commissioner.  He may not only investigate, but he may also determine whether liquidation or closing shall take place.  He may seize the property of the corporation, wind up its business, and distribute the assets, without accounting to any one.  No rule or standard is established to limit his powers or to determine when a liquidation shall be enforced.  Ordinarily, it would occur because of an impairment of capital, or when the liabilities exceed the assets.  No notice of this drastic action to the interested parties is required; no opportunity to appear or be heard, no right of appeal to any court is

given.  Property may be swept away entirely, and private business enterprises, because of some unforeseen emergency, may be utterly destroyed.

No power is more contrary to our ideals and the principles fundamental to our republican form of government.  It savors more of an age long since passed, for in the hands of an irresponsible, radical authority, whose chief concern is ruin of property, such powers may be abused shamefully.  The Constitution guarantees to those who invest their property in business enterprises that it will not be taken without due process of law.  This section of the act so flagrantly violates the due process clause and our Bill of Rights that no defense can be made for it.  When we consider other statutes, such as the Banking Act of June 15, 1923, Securities Act, June 19, 1911, and May 2, 1925, and the Insurance Acts, speaking generally, we find that powers of a like character are limited not only by notice, but also by hearing and an adjudication in due form of law.  This act, on the other hand, gives unlimited inquisitorial powers which are a travesty on constitutional guarantees.  We hold that section 10 of the act is unconstitutional and void.

The decree of the court below is reversed, the bill is reinstated and a perpetual injunction directed to issue in conformity to this opinion.