[S. F. No. 14513. In Bank.—July 1, 1932.]

THE PEOPLE, Respondent, v. PHILIP K. BROAD, Defendant; GENERAL MOTORS ACCEPTANCE COR- PORATION (a Corporation), Intervener and Appellant.

William S. Downing and Philander B. Beadle for Appellant.

John H. Corning and John R. Flor, as *Amici Curiae* on Behalf of Appellant.

U. S. Webb, Attorney-General, Ralph O. Marron, Deputy Attorney-General, and Siebert L. Sefton for Respondent.

THE COURT.—A petition for hearing after a *per curiam* opinion by the District Court of Appeal, First Appellate District, Division One, was granted in this case in order to give further consideration to the contention of respondent that notice to the owner and a judicial hearing are not necessary to constitute a valid forfeiture where the forfeiture is decreed by statute, as distinguished from a common-law or judicial forfeiture. After a further consideration of this point we are of the opinion that the distinction claimed does not exist. ▅▅ As set forth in the opinion of the District Court of Appeal, hereinafter incorporated into this opinion and made a part hereof, there can be no forfeiture of property without notice to the owner and a hearing at which he can be heard, except in a few cases of necessity hereafter mentioned. Even where, as here, the statute declares that a forfeiture takes place at the time of the commission of the offense, such forfeiture is not fully and completely operative and effective, and the title of the state is not perfected until there has been a judicial determination. That judicial determination cannot be in an action in which the owner is not a party. In the instant case the only judicial determination provided is a hearing as to the guilt or innocence of the accused. No provision is made for notice to the owner, and no provision is made for a hearing at which it can be heard. It is obvious that many situations could arise where the owner would have a defense to the

forfeiture which the accused has not or may not desire to raise.

The distinction that exists between a common-law or judicial forfeiture and a legislative or statutory forfeiture is simply this: A common-law or judicial forfeiture does not operate or take effect until by a proper judgment in a suit instituted for that purpose the rights of the state or government have been established. But in the case of a statutory or legislative forfeiture the forfeiture takes place on the commission of the offense. But after the commission of the offense resulting in the forfeiture the title of the state is inchoate or incomplete until such time as there is a judicial determination of the forfeiture. Neither the legislature nor the courts can dispense with the constitutional requirement of a notice and hearing. (25 Cal. Jur. 1175, sec. 65 et seq.) The only important difference between the two types of forfeiture is that in the case of the common-law or judicial forfeiture the rights of the state date from the judicial determination; while in the case of a legislative or statutory forfeiture the rights of the state, after such judicial determination, date back to the time of the offense, and cut off even the rights of a *bona fide* purchaser.

The point that a judicial determination is necessary in the case of a statutory or legislative forfeiture is well settled, both by the decisions of this court and by the decisions of the United States Supreme Court. In *United States* v. *Stowell*, 133 U. S. 1, at page 17 [33 L. Ed. 555, 10 Sup. Ct. Rep. 244], it is stated: "By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, *although their title is not perfected until judicial condemnation;* the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed; *and the condemnation, when obtained, relates back to that time,* and avoids all intermediate sales and alienations, even to purchasers in good faith." In *Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377, at page 383 [220 Pac. 306], it is stated: "When a forfeiture of property is made absolute by stat-

ute the forfeiture must be deemed to attach at the moment the offense is committed. (*Gelston* v. *Hoyt*, 16 U. S. (3 Wheat.) 311 [4 L. Ed. 381, see, also, Rose's U. S. Notes]; *United States* v. *Bags of Coffee*, 12 U. S. (8 Cranch) 398, 405 [3 L. Ed. 602]; *Kriess* v. *Faron*, 118 Cal. 142, 146 [50 Pac. 388]; *Upham* v. *Hosking*, 62 Cal. 250, 257.) The adjudicated cases establish the rule beyond all doubt that the forfeiture becomes absolute on the commission of the prohibited acts, and that the title from that moment vests in the state. (*Henderson's Distilled Spirits,* 81 U. S. (14 Wall.) 44, 57 [20 L. Ed. 815].) In case a prosecution of the offender ensues, *and a decree of condemnation follows in a court of competent jurisdiction the decree relates back to the date of the wrongful acts alleged and proved at the trial or in the hearing of the cause.* (*Henderson's Distilled Spirits, supra.*) *But the law requires proceedings to be instituted* for the purpose of ascertaining the facts of the forfeiture (*Wessels* v. *Beeman*, 87 Mich. 481, 490 [49 N. W. 483]), *and the inchoate title of the state to the goods forfeited is not fully consummated until after judicial condemnation has been had.* (*Caldwell* v. *United States*, 49 U. S. (8 How.) 366, 381 [12 L. Ed. 1115]; *Tracey* v. *Corse,* 58 N. Y. 143, 149.)''

The contention that the statute simply determines who shall be in possession of the property until title is determined in some form of action not provided for, is without merit. The very terms of the statute refute that contention. In order to sustain such a statute, the statute itself must contain provision for a hearing to the owner. No such provision is here contained, and for that reason, in our opinion, the statute is unconstitutional.

On the other points involved we are of the opinion that they were properly disposed of by the decision of the District Court of Appeal, which we adopt as part of this opinion, to wit:

''An appeal by General Motors Acceptance Corporation from an order of the superior court of the city and county of San Francisco, denying the prayer of its complaint in intervention and ordering a certain automobile to be delivered to the department of finance of the state of California.

"On November 15, 1930, defendant Broad was apprehended and subsequently charged in the above court with a violation of the state Narcotic Law (Stats. 1929, p. 380). He entered a plea of guilty to the charge.

"On October 17, 1930, Broad entered into a contract with Don Lee, Inc., for the purchase of the automobile for $2,435, upon which has been paid the sum of $750. Title was retained by the seller. The contract provided that the purchaser should not use the car illegally, and that if the same became in danger of confiscation the seller or its assignee might terminate the purchaser's interest and repossess the car. On the date of the execution of the contract the interest of the seller therein with title to the automobile was transferred to General Motors Acceptance Corporation. Registration of the car was effected with the division of motor vehicles, defendant Broad appearing as the registered owner, and the corporation last named as the legal owner.

"It was testified that at the time of Broad's arrest the officer also took possession of the automobile; that the same had been used by Broad to transport narcotics and that a quantity of morphine was found in the car. It is conceded that the corporation was unaware of the unlawful use of the car.

"The latter in its complaint set forth the facts constituting its ownership of the car, which is not denied, and alleged that the portion of the act under which forfeiture was sought contravened the due process clause both of the state and federal constitutions. After a hearing the order appealed from was entered.

"Section 15 of the state Narcotic Act provides:

"'Seizure and forfeiture of vehicles used to transport drugs.

"'Any automobile or other vehicle used to convey, carry or transport any of the drugs mentioned in section one of this act which are not lawfully possessed or transported is hereby declared to be forfeited to the state, and may be seized by any duly authorized peace officer, and when such seizure is made shall be considered as part of the evidence under this act, and the magistrate shall upon conviction of the party charged of the violation of said act turn the automobile or other vehicle over to the Department of

Finance, and said Department of Finance shall deliver to the Division of Narcotic Enforcement of the state of California such number of said automobiles or other vehicles as may be needed by the said Narcotic Division in enforcing the provisions of this act, provided that nothing contained herein shall apply to common carriers or to an employee acting within the scope of his employment under this act.'

"The corporation admits that regardless of his guilt or innocence an owner's interest in an automobile used in the violation of the laws prohibiting traffic in narcotics may be forfeited; but it contends that since no provision is made in the act for notice of the intended forfeiture or a hearing the above section of the act is void.

"The rule is well settled that to constitute due process of law in regard to the taking of property the statute should give the parties interested some adequate remedy for the vindication of their rights (12 Cor. Jur., Constitutional Law, sec. 997, p. 1220); and while it is a proper exercise of legislative power to provide for the destruction of property without notice when the public welfare demands summary action—instances of this kind being the power to destroy diseased meat or decayed fruit, to kill diseased cattle, or to destroy property kept in violation of law which is incapable of lawful use (12 Cor. Jur., Constitutional Law, sec. 999, p. 1224)—nevertheless, where the property involved is what is sometimes termed innocent property, threatening no danger to the public welfare, the owner must be afforded a fair opportunity to be heard (*Modern Loan Co.* v. *Police Court*, 12 Cal. App. 582 [108 Pac. 56]);

and it has accordingly been held that to constitute due process the statute itself must provide for notice of the time and place of hearing where the parties may present in a regular and orderly manner issues of law and fact (*Ieck* v. *Anderson*, 57 Cal. 251 [40 Am. Rep. 115]). The same rule was declared in *Moffat* v. *Hecke, etc.*, 68 Cal. App. 35 [228 Pac. 546], where it was held that the essential validity of the law was to be tested not by what has been done under it, but by what may by its authority be done; and where a statute authorizes the taking of private property but makes no provision for hearing or notice, either actual or constructive, such defect is not supplied by the

voluntary adoption by public officers of rules covering the situation. So in *Security Trust Co.* v. *Lexington,* 203 U. S. 323 [51 L. Ed. 204, 27 Sup. Ct. Rep. 87, 89], a case involving the validity of an assessment, it was held that if a statute makes no provision for notice in any form it is not material that as a matter of grace or favor notice may be given. As the court stated, 'it is not what notice, uncalled for by the statute, the taxpayer may have received in a particular case that is material, but the question is whether any notice is provided by the statute.' Nor can extra official or casual notice, or a hearing granted as a matter of discretion, be deemed a substantial substitute for the due process that the Constitution requires (*Stuart* v. *Palmer,* 74 N. Y. 183 [30 Am. Rep. 289]; *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413 [50 L. Ed. 1027, 35 Sup. Ct. Rep. 625]; *Louisville & Nashville R. R.* v. *Stockyards Co.,* 212 U. S. 132 [53 L. Ed. 441, 29 Sup. Ct. Rep. 246].)

"To the same effect are the following cases: *State* v. *Rose,* 3 W. W. Harr. (Del.) 168, 45 A. L. R. 85, 132 Atl. 864; *Savannah etc. R. R. Co.* v. *Savannah,* 96 Ga. 680 [23 S. E. 847]; *Beebe* v. *Magoun,* 122 Iowa, 94 [101 Am. St. Rep. 259, 97 N. W. 986]; *People* v. *Marquis,* 291 Ill. 121 [8 A. L. R. 874, 125 N. E. 757]; *Randall* v. *Patch,* 118 Me. 330 [8 A. L. R. 65, 108 Atl. 97]; *Chicago, M. & St. Paul R. R. Co.* v. *Commissioners,* 76 Mont. 305 [247 Pac. 162]; *In re Rutherford,* 72 Pa. 82 [13 Am. Rep. 655]; *National Auto Service Co.* v. *Barford,* 289 Pa. 307 [137 Atl. 601]; *Matter of Grout,* 105 App. Div. 98 [93 N. Y. Supp. 71]; *People* v. *Kempner,* 154 App. Div. 674 [139 N. Y. Supp. 440]; affirmed, 208 N. Y. 16 [Ann. Cas. 1914D, 169, 46 L. R. A. (N. S.) 970, 101 N. E. 794]; *Lacey* v. *Lemmons,* 22 N. M. 54 [L. R. A. 1917A, 1185, 157 Pac. 949]; *Stillwater Board of Education* v. *Eldredge,* 13 Okl. 205 [73 Pac. 1104]; *Boggs* v. *Commonwealth,* 76 Va. 989.

■ "It is admitted by plaintiff that notice and an opportunity to be heard are necessary to constitute due proces; but it is urged that where the owner cannot possibly show facts that would relieve him from forfeiture notice to him would be an idle act; that the person using the automobile is the only one in a position to make a defense, and, consequently, notice to him with an opportunity to be heard was sufficient to meet the constitutional requirements.

"Whatever the effect of the criminal proceedings upon Broad's interest in the automobile (and this we do not decide) he was not appellant's agent for any purpose; and the sole question here is the sufficiency of the statute as against the latter. As held in the cases above cited, the question of the sufficiency of the statute does not depend upon the notice or hearing actually afforded by the court (*Stuart* v. *Palmer, supra*), and it is no answer to one who protests against the taking of his property that in his particular case due process would have led to the same result because he had no adequate defense on the merits (*Rees* v. *Watertown*, 19 Wall. 107, 123 [22 L. Ed. 72]; *Coe* v. *Armour Fertilizer Co., supra*, p. 424).

"The cases of *Van Oster* v. *Kansas*, 272 U. S. 465 [47 A. L. R. 1044, 71 L. Ed. 354, 47 Sup. Ct. Rep. 133], and *Goldsmith Jr. Grant Co.* v. *United States*, 254 U. S. 505 [65 L. Ed. 376, 41 Sup. Ct. Rep. 189], cited by plaintiff, are authorities for the rule that the fact that the owner's interest in an automobile is subject to forfeiture regardless of his guilt or innocence does not render a statute unconstitutional, but not for plaintiff's contention that there need be no provision by statute for notice to the owner. In the case first cited the statute declared an automobile or other vehicle used for the transportation of intoxicating liquor to be a common nuisance, and established a procedure to be followed in case of forfeiture, including notice to all claiming an interest therein. In the second case the statute under consideration, namely, section 3450, Revised Statutes, provided for the forfeiture of property used to evade the revenue acts, but made no provision for notice to the owner. No objection to the sufficiency of the statute on this ground was raised, however; and it was decided—this being the only question involved—that the property of an innocent owner might be declared forfeited without depriving him of property in violation of the fifth amendment. According to some authorities a requirement of notice is to be implied from the fact that it is a constitutional requirement irrespective of the particular provisions of the statute under which the proceeding is had; and according to this view a statute is not unconstitutional unless it undertakes to dispense with notice (12 Cor. Jur., Constitutional Law, sec. 1006, p. 1229, and cases cited). But in this jurisdiction

the cases have established the rule that to constitute due process the statute must itself provide for notice; and, consequently, we must hold the portion of the act which purports to authorize forfeitures without notice to the owner to be invalid.''

The order appealed from is reversed.

Rehearing denied.