[Civ. No. 19514. Fourth Dist., Div. Two. May 16, 1978.]

BARBARA HUGHES, Plaintiff and Appellant, v.
ROGER NETH, as Chief of Police, etc., Defendant and Respondent.

COUNSEL

Timothy J. Lee for Plaintiff and Appellant.

R. R. Campagna, City Attorney, and Mark J. Huebsch, Deputy City Attorney, for Defendant and Respondent.

OPINION

**MERRIAM, J.**\*—Appellant obtained an alternative writ of mandate seeking the release of her motorcycle engine. After hearing, Judge Scoville entered judgment discharging the alternative writ and denying a peremptory writ. This is an appeal from that judgment.

## FACTS

On June 3, 1977, Costa Mesa police officers seized appellant's 1952 Harley Davidson motorcycle. They determined that the vehicle identification numbers had been altered and subsequently impounded the engine.

Thereafter, and pursuant to California Vehicle Code section 10751 (hereafter V.C. 10751), respondent obtained from a municipal court judge an ex parte order for the destruction of the engine.

Appellant then sought the writ of mandate. Appellant has had no evidentiary hearing on the question of the return of the engine. The hearing before Judge Scoville was directed to the constitutionality of the statute.

## ISSUE

The sole issue raised is the constitutionality of V.C. 10751, subdivision (b) which provides for destruction or disposition, without notice and hearing, of vehicles or vehicle parts seized pursuant to V.C. 10751, subdivision (a).

## DISCUSSION

 Appellant asserts a simple and direct position: Due process requires notice and hearing before a person's property may be forfeited.

*Assigned by the Chairperson of the Judicial Council.

Because V.C. 10751, subdivision (b) does not provide for any notice and hearing, it violates due process.[1]

Respondent argues that because there exists a serious problem of trafficking in stolen vehicles, it is a valid exercise of police power to dispense with normal notice and hearing requirements of due process.

■ It is one of our most fundamental constitutional rights that no person may be deprived of life, liberty or property without due process of law. (Cal. Const., art. I, § 7; U.S. Const., 14th Amend.) The protection and development of this constitutional principle accounts for our legal system's most brilliant contribution to a civilized and humane society.

When the state is to deprive a citizen of a substantial right, adequate notice and hearing is synonymous with due process. ■ The scope of the due process right to notice and hearing is widespread, ranging from seizure of physical property to curtailment of telephone services. (See *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536, 550-551 [96 Cal.Rptr. 709, 488 P.2d 13].)

Landmark United States Supreme Court decisions have highlighted this due process tradition. Summary state prejudgment garnishment procedures were struck down in *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]. The statute involved resulted in workers' wages being frozen in the interim between garnishment and the resolution of the lawsuit. The court concluded at page 342 [23 L.Ed.2d at page 354] that: "Where the taking of one's property is so

---

[1]V.C. 10751 provides: "(a) No person shall knowingly buy, sell, offer for sale, receive, or have in his possession, any vehicle or component part thereof from which the manufacturer's serial or identification number has been removed, defaced, altered or destroyed, unless such vehicle or component part has attached thereto an identification number assigned or approved by the department in lieu of the manufacturer's number.

"(b) Whenever such vehicle or component part comes into the custody of a peace officer it shall be destroyed, sold, or otherwise disposed of under the conditions as provided in an order by the court having jurisdiction. Nothing in this section shall, however, preclude the return of such vehicle or parts to the lawful owner thereof following presentation of satisfactory evidence of ownership and assignment of an identification number by the department. This subdivision shall not apply with respect to such vehicle or component part used as evidence in any criminal action or proceeding.

"(c) This section shall not apply to a scrap metal processor engaged primarily in the acquisition, processing and shipment of ferrous and nonferrous scrap, and who receives dismantled vehicles from licensed dismantlers, or licensed junk collectors, or licensed junk dealers as scrap metal for the purpose of recycling the dismantled vehicles for their metallic content, the end product of which is the production of material for recycling and remelting purposes for steel mills, foundries, smelters and refiners."

obvious, it needs no extended argument to conclude that absent notice and a prior hearing . . ." due process is violated. (Citations omitted.)

*Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011] held that the termination of welfare rights without first affording the recipient opportunity for an evidentiary hearing violates due process.

Similarly, the high court has found that the summary suspension of a driver's license without a meaningful hearing was not to be condoned. The State of Georgia suspended Reverend Bell's driver's license because of his involvement in an accident and denied him a hearing on the question of fault. The court found this a violation of due process. (*Bell* v. *Burson* (1971) 402 U.S. 535 [29 L.Ed.2d 90, 91 S.Ct. 1586].) The court considered the costs and inconvenience occasioned by such hearings and concluded that except in emergency situations, notice and hearing are required before a suspension (pp. 540, 542 [29 L.Ed.2d pp. 95, 96]).

A helpful and extended discussion of the due process right to notice and hearing is found in *Fuentes* v. *Shevin* (1972) 407 U.S. 67 [32 L.Ed.2d 556, 92 S.Ct. 1983] which involved Florida and Pennsylvania statutes authorizing seizure of goods under an ex parte writ of replevin. ▮ While it conceded that "extraordinary situations" may justify *postponing* a hearing, they must truly be unusual.

In the California case of *Endler* v. *Schutzbank* (1968) 68 Cal.2d 162 [65 Cal.Rptr. 297, 436 P.2d 297], the court held that due process required the corporations commissioner to provide a hearing when he made accusations affecting a person's employment. At page 180, it rejects the argument that notice and hearing is too burdensome to the state when it extolled a hearing as a "rudiment of fair play" and found that "[t]here can be no compromise on the footing of convenience or expediency" to deny such notice and hearing.

These cases all involve the noncriminal temporary deprivation of a substantial right and not the final forfeiture of those rights. While the issue presented to us involves a criminal statute, the above cases are instructive because they so strongly detail the due process protection of personal rights.

▮ Appellant does not raise the constitutional propriety of the initial police seizure of her motorcycle. She does not contest the constitutionality of a statute requiring identification numbers on a vehicle. She does

contest, however, the forfeiture of her motorcycle engine without notice and hearing.

Other California statutes involve the possession of proscribed property and have provisions for their seizure and disposition. It is helpful to look to several of those statutes.

When a police officer acquires possession of property alleged to be stolen or embezzled, there is specific statutory guidance for its disposal. (See Pen. Code, §§ 1407-1418.) Basically these statutes provide that where the property is to be turned over to someone other than the person from whom it was seized, there must be notice and hearing provided to that person and any other person as required by the magistrate.

It is noteworthy that the predecessors of these code sections did not provide for notice and hearing and were declared unconstitutional for that very reason. (*People* v. *Lawrence* (1956) 140 Cal.App.2d 133 [295 P.2d 4].) It cited with approval the language in *Modern Loan Co.* v. *Police Court* (1910) 12 Cal.App. 582, 585 [108 P. 56], that " 'One who is in possession of property under a claim of right cannot be deprived of its possession without due process of law; and in order to constitute due process of law, there must be notice of time and place of hearing and an opportunity to be heard. . . .'" (140 Cal.App.2d 133, 136.)

While Penal Code section 1419 provides no notice and hearing before destruction of "unlawful property" several cases seem to extend even there the right of the dispossessed claimant to a hearing to determine whether the property is in fact unlawful. (*People* v. *Lawrence, supra*; *Espinosa* v. *Superior Court* (1975) 50 Cal.App.3d 347 [123 Cal.Rptr. 448].)[2] It should be noted, however, that Penal Code section 1419 applies to exhibits only.

The state is authorized to seize vehicles involved in the sale or transportation of controlled substances. (Health & Saf. Code, § 11490.) Sections 11491 through 11495 detail with admirable specificity the procedures required for the disposal of such vehicles. Notice and hearing requirements are prominent.

This legislative attention to such requirements is perhaps prompted by cases such as *People* v. *Broad* (1932) 216 Cal. 1 [12 P.2d 941], which serve

---

[2] We are not asked to and do not pass on the constitutionality of Penal Code section 1419.

to periodically reacquaint the Legislature with the due process requirement of notice and hearing before the forfeiture of property.

Of particular interest is Penal Code section 537e which prohibits the knowing possession of certain enumerated items of personal property when manufacturers' serial numbers or identification marks have been removed or altered.[3] Significantly it provides for disposal of such property in the manner prescribed in Penal Code sections 1408-1418 which, as discussed above, requires notice and hearing.

The disposal of weapons seized incidental to a crime is regulated by Penal Code section 12028 as well as Penal Code section 1419. Penal Code section 12028 defines such weapons as nuisances and provides for summary disposition except where it is ascertained that the weapon has been stolen; then there is a requirement of return to the owner or notice to the owner before its destruction. (See *Espinosa* v. *Superior Court, supra,* 50 Cal.App.3d 347, where weapons were ordered returned to the defendant after he was acquitted of the criminal charge.)

Penal Code section 1540 mandates a return of property to the person from whom it was taken when the court finds that the property was not as described in the warrant or that the warrant lacked probable cause. If there is a question as to whether the property is contraband, then the court must make that determination. (*Aday* v. *Superior Court* (1961) 55 Cal.2d 789, 800 [13 Cal.Rptr. 415, 362 P.2d 47]. See also 52 Ops.Cal.Atty. Gen. 199, for the conclusion that the disposition of stolen property seized

[3]Penal Code section 537e provides: "(a) Any person who knowingly buys, sells, receives, disposes of, conceals, or has in his possession a radio, piano, phonograph, sewing machine, washing machine, typewriter, adding machine, comptometer, bicycle, a safe or vacuum cleaner, dictaphone, watch, watch movement, watch case, or any mechanical or electrical device, appliance, contrivance, material, piece of apparatus or equipment, from which the manufacturer's name plate, serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered or destroyed, is guilty of a misdemeanor.

"(b) When property described in subdivision (a) comes into the custody of a peace officer it shall become subject to the provision of Chapter 12 (commencing with Section 1407), Title 10 of Part 2, relating to the disposal of stolen or embezzled property. Property subject to this section shall be considered stolen or embezzled property for the purposes of that chapter, and prior to being disposed of, shall have an identification mark imbedded or engraved in, or permanently affixed to it.

"(c) This section does not apply to those cases or instances where any of the changes or alterations enumerated in subdivision (a) have been customarily made or done as an established practice in the ordinary and regular conduct of business, by the original manufacturer, or by his duly appointed direct representative, or under specific authorization from the original manufacturer."

pursuant to a search warrant must comply with due process notice and hearing requirements.)

■ It should not be incumbent upon the owner or person dispossessed of the property to initiate a search for the property, to locate the agency holding it, and to begin legal proceedings for its return.[4] ■ Where the statute authorizing seizure and disposition of property fails to comply with the due process requirement of notice and hearing, such defects may not be supplied by voluntary adoption of local policy to give notice. (*People* v. *Broad, supra,* 216 Cal. 1.)

■ V.C. 10751 permits the seizure of any vehicle or vehicle part with an altered or removed serial or manufacturer's number. The summary disposal of such vehicles is tempered by provision for their return upon satisfactory evidence of ownership and assignment of a new identification number by the Department of Motor Vehicles. Additionally, it must be returned if it can be shown that it was the property of a scrap metal processor who intended to recycle the metal.

The statute leaves the factual determinations implicit in the above exemptions to be made by the police officer or the magistrate acting ex parte. This section provides no safeguards to prevent the arbitrary seizure and destruction of property alleged to be controlled by it where it is applied to vehicles seized but never used as evidence because no criminal proceedings were commenced.

If a $20,000 vehicle of a person who was unaware that it had altered serial numbers was seized by the police without the owner's knowledge, V.C. 10751 would permit its summary destruction without the owner having an opportunity to be heard.

There can be no question that a person who has his vehicle seized by the police has a substantial interest at stake.

Respondent has argued that the serious problem of trafficking in stolen vehicles is sufficient to forego a notice and hearing requirement. Notwithstanding a judicial notice that our society is overburdened with thieves and burglars and notwithstanding that newspapers and radio stations editorialize on this subject, the respondent has failed to show the

---

[4]Alternative civil remedies will not cure a constitutionally defective statute. (*Modern Loan Co.* v. *Police Court, supra,* 12 Cal.App. 582, 587; *Mendoza* v. *Small Claims Court* (1958) 49 Cal.2d 668, 672 [321 P.2d 9].)

extraordinary situation demanded in *Fuentes* v. *Shevin, supra,* 407 U.S. 67. If respondent's argument was persuasive on these facts, there would be little reason why other constitutional requirements such as probable cause for searches should not also succumb to the expedient of unusual circumstances.

We have little alternative but to declare that the disposal provision in V.C. 10751, subdivision (b) is in violation of the due process requirement of both state and federal Constitutions because it fails to provide for adequate and meaningful notice and hearing prior to forfeiture of property.

Appellant has a constitutional right to the return of the property or a noticed hearing where she is given the opportunity to oppose respondent's intended forfeiture and destruction of it.

Judgment reversed.

Gardner, P. J., and Morris, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 13, 1978.