[No. B035780. Second Dist., Div. One. Oct. 17, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTHONY CAVANNA, Defendant and Respondent.

COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, for Plaintiff and Appellant.

Douglas W. Otto, Dennis A. Fischer and Alan S. Yockelson for Defendant and Respondent.

OPINION

**ORTEGA, J.**—In a case of first impression, we conclude the municipal court lacked subject matter jurisdiction under section 10751 of the Vehicle Code (section 10751) to dispose of an allegedly stolen vehicle during the pendency of defendant's criminal trial for receiving stolen property (Pen. Code, § 496, subd. 1). Accordingly, the municipal court order had no collateral estoppel effect and the superior court erred in dismissing the information on that basis. We reverse.

BACKGROUND

Following defendant's March 1987 preliminary hearing, he was held to answer on one felony count of receiving stolen property, a 1983 Porsche automobile engine. Before his trial, however, Los Angeles County Sheriff's Detective Thomas Lynch, the investigating officer who testified at defendant's preliminary hearing, instituted a municipal court proceeding under section 10751 to dispose of the seized vehicle containing the allegedly stolen engine. (People v. 1981 Porsche Convertible (Mun. Ct. L.A. County, 1987, No. 003520).)

Subdivision (a) of section 10751 states: "No person shall knowingly buy, sell, offer for sale, receive, or have in his possession, any vehicle, or component part thereof, from which the manufacturer's serial or identification number has been removed, defaced, altered, or destroyed, unless the vehicle or component part has attached thereto an identification number assigned or approved by the department in lieu of the manufacturer's number."[1]

Subdivision (b) of section 10751 provides for the destruction, disposition, or sale of a vehicle or component part described in subdivision (a) which comes into the custody of a peace officer. However, the court may not issue an order disposing of the property until the person from whom the property

---

[1] A violation of section 10751 constitutes a misdemeanor. (Veh. Code, § 40000.9.)

was seized and all claimants to the property whose interest or title is registered with the Department of Motor Vehicles "are provided a postseizure hearing by the court having jurisdiction within 60 days after the seizure." (§ 10751, subd. (b).) Subdivision (b) further provides: "This subdivision shall not apply with respect to a seized vehicle or component part used as evidence in any criminal action or proceeding. Nothing in this section shall, however, preclude the return of a seized vehicle or component part to the owner by the seizing agency following presentation of satisfactory evidence of ownership and, if determined necessary, upon the assignment of an identification number to the vehicle or component part by the department."

At the January 1988 municipal court postseizure hearing, the People were not represented by counsel. Lynch appeared and testified, as did defendant, who was represented by counsel. The municipal court ordered the seized vehicle returned to defendant, finding the People had failed to prove defendant "had knowingly bought, sold, offered for sale, received, or had in his possession any vehicle, or component parts thereof, from which the manufacturer's serial number or identification number had been removed, defaced, altered, or destroyed . . . ." The municipal court further found defendant was a "bona fide purchaser of the vehicle, engine, and transmission and did not willfully or knowingly purchase or receive said vehicle, engine, or transmission knowing that it was or had been stolen . . . ." The People did not appeal the municipal court order.

Knowledge that the property was stolen is a requisite element of the crime of receiving stolen property. (Pen. Code, § 496, subd. 1; CALJIC No. 14.65.) In February 1988, defendant filed a motion in the superior court to dismiss the information on the ground the People were collaterally estopped from relitigating the issue of whether he knew the vehicle, engine, or transmission had been stolen. After hearing argument by counsel for both parties, the superior court granted the motion. This appeal followed.

### ISSUE

The People contend (1) the municipal court lacked subject matter jurisdiction under section 10751 to enter an order disposing of the seized vehicle; and (2) in any event, the superior court erred in applying the doctrine of collateral estoppel.

### DISCUSSION

█ Preliminarily, we note that in California, a court's subject matter jurisdiction may be collaterally attacked where the judgment is void on its face. (See 8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in

Trial Court, § 12, p. 414.) In other words, extrinsic evidence is generally inadmissible on collateral attack and "if such invalidity or want of jurisdiction does not appear on the face of the record, it will be presumed in favor of the former judgment or order. [Citations.]" (*Gonzales* v. *State of California* (1977) 68 Cal.App.3d 621, 632 [137 Cal.Rptr. 681].)

■ In opposing defendant's motion to dismiss, the People collaterally attacked the municipal court order, contending it "was beyond the power of the court to issue." With our permission, the People augmented the record on appeal by supplying a few documents filed in the section 10751 proceeding. But since the section 10751 hearing was not transcribed, we are unable to discern whether the municipal court record contains any evidence of this pending criminal action against defendant.

In any event, since the People collaterally attacked the municipal court order in this criminal action, the superior court could have taken judicial notice of its own records in this case. (See *Haldane* v. *Bogy* (1962) 208 Cal.App.2d 298, 301 [25 Cal.Rptr. 389].) ■ "Judicial notice ordinarily may be taken of a court's own records, including the prior pleadings in a case. [Citations.]" (*Gbur* v. *Cohen* (1979) 93 Cal.App.3d 296, 301 [155 Cal.Rptr. 507]; *Conservatorship of Romo* (1987) 190 Cal.App.3d 279, 283 [235 Cal.Rptr. 377].) And upon the request of a party, a trial court must take judicial notice of its own records (Evid. Code, §§ 452, subd. (d), 453; *Lazzarone* v. *Bank of America* (1986) 181 Cal.App.3d 581, 590 [226 Cal.Rptr. 855]), as must the appellate court on appeal (Evid. Code, § 459, subd. (a)(1)). Because the information filed against defendant in this action is relevant to the determination of the People's collateral attack on the municipal court order, we take judicial notice thereof under section 459, subdivision (a) of the Evidence Code. Accordingly, we turn to the merits of the appeal.

■ We must ascertain the legislative intent in order to give effect to the purpose of section 10751, subdivision (b), which states that it does "not apply with respect to a seized vehicle or component part used as evidence in any criminal action or proceeding." ■ In determining legislative intent, we look first to the words of the statute. (*People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].) ■ Our reading of subdivision (b) compels us to conclude the municipal court lacked subject matter jurisdiction to issue an order under section 10751 because the seized vehicle was to be used as evidence in defendant's pending criminal trial.

Defendant concedes in his brief that the limiting language in subdivision (b) of section 10751 precluded the municipal court from disposing of the vehicle during the pendency of his criminal action. However, defendant

argues the municipal court possessed subject matter jurisdiction to make factual findings at the People's request. Defendant asserts the People, by seeking "action beyond the court's power as defined by statute . . . [are] estopped to complain of the ensuing action in excess of jurisdiction. [Citations.]" (*In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].)

The *Griffin* decision is readily distinguishable, however. There, the court continued a probation revocation hearing at the defendant's request, unaware that the probationary period would expire before the continued hearing date. After the court revoked probation, the defendant challenged the validity of the order, claiming the court's jurisdiction to modify probation had expired. In a habeas corpus writ proceeding, the California Supreme Court held the court's jurisdiction had not expired, stating: "The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after the end of the probationary term." (*In re Griffin, supra,* 67 Cal.2d at p. 347, fn. omitted.) In this context, the Supreme Court concluded the defendant was estopped from complaining of the trial court's order in excess of jurisdiction since the defendant had requested the continuance beyond the probationary period.

But in this case, it cannot be said that the municipal court merely acted in excess of its jurisdiction. To the contrary, the plain language of subdivision (b) of section 10751 establishes the municipal court lacked subject matter jurisdiction to hear or determine the matter because the seized vehicle was to be used as evidence in defendant's pending criminal action. The fact the People erroneously sought a municipal court order disposing of the vehicle under section 10751 is immaterial. ■ For it is fundamental that subject matter jurisdiction cannot be conferred by consent, waiver or estoppel. (*Flores* v. *Natividad Medical Center* (1987) 192 Cal.App.3d 1106, 1117, fn. 4 [238 Cal.Rptr. 24]; see *Davis* v. *Myre* (1964) 228 Cal.App.2d 616, 618 [39 Cal.Rptr. 682] (superior court judgment void because municipal court possessed sole jurisdiction); 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 10, pp. 374-376, and cases cited therein.)

■ Nor are we persuaded that subdivision (e) of section 10751, which describes the nature of the postseizure hearing,[2] conferred subject matter

---

[2]Subdivision (e) states: "A hearing on the disposition of the property shall be held by the municipal or justice court within 60 days after the seizure. The hearing shall be before the court without a jury. [¶] (1) If the evidence reveals either that the identification number has not been removed, altered, or destroyed or that the identification number has been removed, altered, or destroyed but satisfactory evidence of ownership has been presented to the seizing agency or court, the property shall be released to the person entitled thereto. Nothing in this

jurisdiction upon the municipal court to render factual findings despite the pendency of the criminal action. Defendant, relying on the absence of any limiting language in subdivision (e) comparable to that contained in subdivision (b), argues the Legislature intended to permit the municipal court to make factual findings under subdivision (e), even though subdivision (b) prohibits the court from disposing of the seized vehicle during the pendency of a criminal action.

But defendant's construction of subdivisions (b) and (e) fails to properly harmonize the two parts, either with each other or with Penal Code section 1417 et seq., which governs the disposition of evidence in criminal cases.[3] ▪ In interpreting a statute, the court must avoid a construction that makes some words surplusage. (*People* v. *Black, supra,* 32 Cal.3d at p. 5.) ▪ The words of a statute "must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear, and the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" (*Ibid.*) ▪ Here, the plain language of subdivision (b) of section 10751 discloses the Legislature carefully avoided impinging on the statutory scheme governing the disposition of evidence in criminal cases. (Pen. Code, § 1417 et seq.)

---

section shall preclude the return of the vehicle or component part to a good faith purchaser following presentation of satisfactory evidence of ownership thereof upon the assignment of an identification number to the vehicle or component part by the department. [¶] (2) If the evidence reveals that the identification number has been removed, altered, or destroyed, and satisfactory evidence of ownership has not been presented, the property shall be destroyed, sold, or otherwise disposed of as provided by court order. [¶] (3) At the hearing, the seizing agency shall have the burden of establishing that the identification number has been removed, defaced, altered, or destroyed and that no satisfactory evidence of ownership has been presented."

[3] Penal Code section 1417 provides: "All exhibits which have been introduced or filed in any criminal action or proceeding shall be retained by the clerk of the court subject to Sections 1417.2 and 1417.3 until final determination of the action or proceedings and the exhibits shall thereafter be distributed or disposed of as provided in this chapter."

Penal Code section 1417.1 provides in relevant part: "No order shall be made for the destruction of an exhibit prior to the final determination of the action or proceeding. . . ."

Penal Code section 1417.2 states: "Notwithstanding Section 1417.5, the court may, on application of the party entitled thereto or an agent designated in writing by the owner, order an exhibit delivered to that party at any time prior to the final determination of the action or proceeding, upon stipulation of the parties or upon notice and motion if both of the following requirements are met: [¶] (a) No prejudice will be suffered by either party. [¶] (b) A full and complete photographic record is made of the exhibits so released. [¶] The party to whom the exhibit is being returned shall provide the photographic record. This section shall not apply to any material, the release of which is prohibited by Section 1417.6."

Penal Code section 1417.5 provides in part: "Except as provided in Section 1417.6, 60 days after the final determination of a criminal action or proceeding, the clerk of the court shall dispose of all exhibits introduced or filed in the case and remaining in the clerk's possession . . . ."

Significantly, Penal Code section 1417.2 permits the court in the criminal action to exercise its discretion to return the seized property prior to the final determination of the criminal action or proceeding. Therefore, in this case it was the superior and not the municipal court that possessed the jurisdiction to decide whether to return the seized vehicle prior to the resolution of defendant's criminal case.

Defendant nevertheless argues the municipal court was vested with jurisdiction to render factual findings under subdivision (e) of section 10751 notwithstanding the pending criminal action, since good faith purchasers of seized property are entitled to a prompt determination of their rights. Defendant relies on the court's statement in *Hughes* v. *Neth* (1978) 80 Cal.App.3d 952, 959 [146 Cal.Rptr. 37], that "a person who has his vehicle seized by the police has a substantial interest at stake." But as we shall discuss, the *Hughes* decision does not support defendant's position.

In *Hughes,* the court concluded former section 10751 did not comply with the due process requirement of notice and hearing. The Legislature subsequently amended the statute in response to the *Hughes* decision. In discussing former section 10751, the *Hughes* court said that although the section provided exemptions to the summary disposal of vehicles or vehicle parts with altered or removed serial or manufacturer's numbers, the statute left "the factual determinations implicit in the above exemptions to be made by the police officer or the magistrate acting ex parte. This section provides no safeguards to prevent the arbitrary seizure and destruction of property alleged to be controlled by it where it is applied to vehicles seized but never used as evidence because no criminal proceedings were commenced." (*Hughes* v. *Neth, supra,* 80 Cal.App.3d at p. 959.)

Nothing in the *Hughes* opinion indicates there was a pending criminal action against the person from whom the seized motorcycle was taken. As we read the opinion, we find it addressed the arbitrary seizure and destruction of "vehicles seized but never used as evidence because no criminal proceedings were commenced." (*Hughes* v. *Neth, supra,* 80 Cal.App.3d at p. 959.) In doing so, the *Hughes* court clearly acknowledged the limitation contained in section 10751, subdivision (b), which stated then as it does now: "This subdivision shall not apply with respect to a seized vehicle or component part used as evidence in any criminal proceeding."

While defendant contends the Legislature demonstrated in subdivision (f) that it knows how to exempt a class of persons, namely scrap metal proces-

sors, from section 10751,[4] we are not persuaded that the limiting language in subdivision (b) must be so narrowly construed as to permit the municipal court to hold an evidentiary hearing under subdivision (e) notwithstanding the pendency of a criminal action. We discern no purpose to be served by permitting such a futile exercise when, as defendant concedes, jurisdiction to dispose of the seized evidence rested in the superior court and not in the municipal court. The sole rational construction of section 10751 as a whole and in conjunction with Penal Code section 1417 et seq., is that the municipal court lacks subject matter jurisdiction to hold a section 10751 hearing when the seized property will be used as evidence in a pending criminal action in the superior court.

It therefore follows that the municipal court order is void for lack of jurisdiction and thus has no collateral estoppel effect. The superior court erred in dismissing the action under the doctrine of collateral estoppel.

## DISPOSITION

We reverse the order of dismissal.

Spencer, P. J., and Devich, J., concurred.

---

[4] Subdivision (f) states: "This section shall not apply to a scrap metal processor engaged primarily in the acquisition, processing, and shipment of ferrous and nonferrous scrap, and who receives dismantled vehicles from licensed dismantlers, licensed junk collectors, or licensed junk dealers as scrap metal for the purpose of recycling the dismantled vehicles for their metallic content, the end product of which is the production of material for recycling and remelting purposes for steel mills, foundries, smelters, and refiners."